**MOTLEY, Plaintiff, v. GOMBOS, Defendant.**

Common Pleas Court, Hamilton County.

No. A-153906. Decided April 18, 1958.

Andrew Cherney, Myron S. Rudd, for plaintiff.
Harry M. Hoffheimer, for defendant.

## OPINION

By LEIS, J.:

This is an action in slander brought by a radio sportscaster from Hamilton, Ohio.

The first cause of action is based on the following allegedly slanderous language:

"He used to call me up and in abusive language * * * drunk * * * and call my home and used to call up and berate me for starting action against Green * * *. Now what would you construe that * * * he used to call at midnight and use abusive language and the only reason I didn't prosecute him at the time was * * * well * * * after all the man was just drunk * * *. He did that several times."

The second cause of action is based on a statement allegedly made by defendant that "the biggest syndicated group in Ohio was the one Motley worked for in 1954."

Before there can be recovery in slander, the words uttered must be actionable. It has been held to be slander per se—and thereby obviating the necessity of proving special damage in the following categories:

1. When a defendant falsely accuses a person of a crime which is an indictable offense involving moral turpitude or infamous punishment.

2. When a defendant accuses a person falsely of a loathsome disease.

3. Slander of a woman's chastity.

4. Slander in one's business, trade, profession, or office.

As regards these two causes of action set forth in plaintiff's petition, only the category of slander in one's calling could be applicable. There remains the question of whether these alleged utterances are within the scope of this category of slander per se.

A leading authority in the field of defamation, Dean William L. Prosser in his work on Torts has this to say at page 802:

"Business, trade, profession or office. 'The law has always been very tender of the reputation of tradesmen, and therefore words spoken of them in the way of their trade will bear an action that will not be a~'ionable in the case of another person.' The likelihood of 'temporal' damage in such a case is sufficiently obvious; and the rule was soon ex-

tended to cover anyone engaged in a business or profession, or holding a public, or even a private office. Any calling is included, 'be it ever so base,' but it must be a legal one, entitled to such a sanction. Furthermore, since the object of the exception is to protect the plaintiff in his office or calling, it was decided quite early that it must appear that he held or was engaged in it when the words complained of were published.

"For the same reason, the exception was limited to defamation of a kind incompatible with the proper conduct of the business, trade, profession or office itself. The statement must be made with reference to a matter of peculiar importance for that purpose, rather than of more general significance. Thus it is actionable without proof of damage to say of a physician that he is a butcher and the speaker would not have him for a dog, of an attorney that he is a shyster, of a school teacher that he has been guilty of improper conduct as to his pupils, of a business man that his credit is bad or that he sells adulterated goods, of a public officer that he has accepted a bribe or has used his office for corrupt purposes, or of any of these that he is dishonest, incompetent, or insane * * * since these things obviously discredit him in his chosen calling. On the other hand, it has been held not to be actionable without proof of damage to say of a gas company clerk that he has been consorting with prostitutes, since he might still be a satisfactory clerk, or of a physician that he has committed adultery, since he might nevertheless be a successful physician. * * * The effect of a charge that the plaintiff is insolvent, illiterate, a coward, or has been seen drunk, may depend upon whether he is a merchant, a professor, a soldier or a clergyman. An accusation of a single act of misconduct may not be sufficient, since one mistake does not amount to incompetence. but if it fairly imputes habitual conduct, or a lack of qualities, which the public has a right to expect of the plaintiff in his calling, it may be actionable." (Emphasis by the court.)

See also Davis v. Brown, 27 Oh St 326.

As was held in Lohr v. Buffington, 18 C. C. (N. S.) 583. to make words actionable because of their effect upon one's business or office, they must be said with reference to something connected with such business or office.

The Court, after careful consideration, concludes that the words spoken by defendant, forming the basis for both causes of action, do not refer to plaintiff in his calling as a radio sportscaster and are not slanderous per se.

It therefore follows that in both causes of action there must be allegations of special damage before the petition is sufficient at law.

Plaintiff fails to allege special damage as to his first cause of action and in his memorandum relies upon these words as constituting slander per se. Accordingly, the demurrer to the first cause of action is well taken and the Court sustains same.

Defendant does allege in his second cause of action special damages of $4,125.00. The Court has considered carefully the words allegedly uttered by defendant in this cause of action and is of the opinion that as a matter of law there can be no recovery. To say merely that the biggest syndicated group in Ohio was the one plaintiff worked for affords

no basis for relief. The gravamen of the tort of defamation is whether or not the plaintiff has been lowered in the eyes of his fellowman. Interpreting the language of the alleged slander in the light most favorable to plaintiff, the Court cannot comprehend any actionable language. See **Bigelow v. Brumley, 138 Oh St 574.** The demurrer as to the second cause of action is, therefore, likewise sustained.

The Court wishes to commend counsel for their excellent preparation in support of their respective positions on this demurrer.

Please present your entry accordingly.